UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

----oo0oo----

| | |
|---|---|
| ADAM TODD SAETRUM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>The ADA COUNTY SHERIFF'S OFFICE; ADA COUNTY SHERIFF GARY RANEY; DEPUTY JAKE VOGT, Deputy Sheriff; and JOHN and JANE DOES, deputies and employees of the ADA COUNTY SHERIFF'S OFFICE,<br><br>　　　　Defendants. | CIV. NO. 1:13-425 WBS<br><br>MEMORANDUM AND ORDER RE: MOTION FOR A MORE DEFINITE STATEMENT |

----oo0oo----

Plaintiff filed this action under 42 U.S.C. § 1983 based on alleged excessive force and inadequate medical care during his arrest and detention on February 26, 2013. Pursuant to Federal Rule of Civil Procedure 12(e), defendant Jake Vogt now moves for a more definite statement. Specifically, he requests that the Court require plaintiff to indicate whether plaintiff is suing him in his official or individual capacity.

1

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "[M]otions for a more definite statement are disfavored, and ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail." Medrano v. Kern Cnty. Sheriff's Officer, 921 F. Supp. 2d 1009, 1013 (E.D. Cal. 2013). A motion for a more definite statement should generally be denied "if the complaint is specific enough to notify defendant of the substance of the claim being asserted" or "if the detail sought by a motion for a more definite statement is obtainable through the discovery process." Id.; accord Craigslist, Inc. v. Autoposterpro, Inc., Civ. No. 08-05069 SBA, 2009 WL 890896, at *4 (N.D. Cal. Mar. 31, 2009).

Although unnecessary confusion frequently arises when a complaint fails to allege whether a defendant is sued in his individual capacity, official capacity, or both capacities, determining the appropriate capacity from the allegations in the complaint is neither impossible nor difficult. Simply stated, if a plaintiff seeks damages from an official, the suit is generally against the official in his individual capacity; and if the plaintiff seeks an injunction, the suit is generally against the official in his official capacity. See Price v. Akaka, 928 F.2d 824, 828 (1990); Biggs v. Meadows, 66 F.3d 56, 61 (4th Cir. 1995). Because of this distinction, a majority of the circuits have rejected the argument that a plaintiff is required to state the capacity in which a defendant is sued. Biggs, 66 F.3d at 59.

Instead, the majority approach "look[s] to the substance of the plaintiff's claim, the relief sought, and the course of proceedings to determine the nature of a § 1983 suit when a plaintiff fails to allege capacity." Id. (citing cases from the Second, Fifth, Seventh, Ninth, Tenth, and Eleventh circuits).

Here, there is no doubt from the Complaint that the only claims asserted against Vogt are for violations of plaintiff's constitutional rights under § 1983, and plaintiff's prayer for relief is also limited to seeking compensatory damages, attorneys' fees, and costs. Plaintiff's § 1983 claims against Vogt are therefore clearly asserted against him in his individual capacity.[1]

IT IS THEREFORE ORDERED that Vogt's motion for a more definite statement (Docket No. 4) be, and the same hereby is, DENIED.

Dated: January 14, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] In response to Vogt's motion, plaintiff purports to settle the issue by stating that Vogt was sued in his "professional capacity" and pointing out that the Complaint alleges Vogt was "acting under color of state law." (Pl.'s Resp. at 2 (Docket No. 6).) Plaintiff thus appears to "confuse[] the capacity in which a defendant is sued with the capacity in which the defendant was acting when the alleged deprivation of rights occurred." Price, 928 F.2d at 828. As the Ninth Circuit has explained, "[t]he former need not coincide with the latter. Clearly, under § 1983, a plaintiff may sue a state officer in his individual capacity for alleged wrongs committed by the officer in his official capacity." Id. As noted above, it is the nature of the relief sought, not the capacity in which the defendant was acting, that dictates the capacity in which a defendant is sued under § 1983.

3