UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

----oo0oo----

| | |
|---|---|
| ADAM TODD SAETRUM,<br><br>    Plaintiff,<br><br>    v.<br><br>ADA COUNTY SHERIFF GARY RANEY, in his official capacity, DEPUTY SHERIFF JAKE VOGT, individually and in his official capacity, and JOHN AND JANE DOES 1-10, deputies and employees of the ADA COUNTY SHERIFF'S OFFICE,<br><br>    Defendants. | CIV. NO. 1:13-425 WBS<br><br><u>MEMORANDUM AND ORDER RE: MOTION TO DISMISS; MOTION TO STAY DISCOVERY AND MOTION TO DISQUALIFY</u> |

----oo0oo----

    Plaintiff Adam Todd Saetrum filed this action under 42 U.S.C. § 1983 based on alleged excessive force and inadequate medical care during his arrest and detention on February 26, 2013 in Ada County, Idaho. Plaintiff alleges that defendant Deputy Vogt used excessive force against him during his arrest when he struck plaintiff with his police vehicle and "knocked, pushed or threw" plaintiff to the ground. After his arrest, plaintiff

1

alleges that unnamed officers ignored his complaints of physical injuries and failed to provide him with medical care. In his First Amended Complaint ("FAC"), plaintiff alleges a § 1983 claim against defendant Sheriff Raney and Deputy Vogt based on the use of excessive force in violation of the Fourth Amendment and a § 1983 claim against Sheriff Raney based on the denial of adequate medical care in violation of the Fourteenth Amendment.

Presently before the court are defendants' motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted; defendants' motion to stay discovery; and Deputy Vogt's motion to disqualify plaintiff's counsel. The court will address each motion in turn.

1. Motion to Dismiss

On a motion to dismiss under Rule 12(b)(6), the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with a defendant's liability," it "stops short of the line between possibility and plausibility." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions . . . ." Twombly, 550 U.S. at 555 (alteration in original) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. 678.

### A. Official Capacity Claims

As the court previously explained when denying defendants' motion for a more definite statement, if a plaintiff seeks damages from an officer, the suit is generally against the officer in his individual capacity; if the plaintiff seeks an injunction, the suit is generally against the officer in his official capacity. (See Docket No. 9.) Despite this clarification, plaintiff's FAC seeks only damages but names Sheriff Raney only in his official capacity and Deputy Vogt in his individual and official capacities. The Supreme Court has explained that a claim for damages against an officer in his official capacity is treated as a claim against the municipality:

> Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

3

Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690, n.55 (1978) (internal citations omitted); see also Cmty. House, Inc. v. City of Boise, 623 F.3d 945, 966-67 (9th Cir. 2010).

Here, because plaintiff names Sheriff Raney and Deputy Vogt in their official capacities and seeks only damages, those claims must be treated as claims against the municipality.[1] A municipality, however, can be liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 693. Since Iqbal, courts have repeatedly rejected conclusory Monell allegations that lack factual content from which one could plausibly infer Monell liability. See, e.g., Rodriguez v. City of Modesto, 535 Fed. App'x 643, 646 (9th Cir. 2013) (affirming the district court's dismissal of Monell claim based only on conclusory allegations and lacking factual allegations); Via v. City of Fairfield, 833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011) (citing cases).

Plaintiff's FAC contains only conclusory Monell allegations and lacks any factual content giving rise to a plausible Monell claim. (See, e.g., FAC ¶ 18 ("Defendant Raney

---

[1] Although plaintiff insists his claim for damages against the officers in their official capacity should not be treated as Monell claims, his explanation of his claims is self-defeating. (See, e.g., Pl.'s Opp'n at 6 ("Defendant Vogt is named in his official capacity as a Deputy Ada County Sheriff in order to hold the Ada County Sheriff's Office liable as the moving force behind Defendant Vogt's violation of Plaintiff's Constitutional rights.") (emphasis added) (Docket No. 28).)

4

failed to properly train the individual Defendants regarding the constitutional limits on the use of force during seizure and arrests and to establish proper policies, procedures, practices, and customs regarding the use of force that resulted in the excessive force during Plaintiff's arrest.").)  Accordingly, because plaintiff's claims for damages against Sheriff Raney and Deputy Vogt in their official capacities must be treated as claims against the municipality and plaintiff fails to adequately allege a cognizable theory of Monell liability, the court must grant defendants' motion to dismiss both claims against Sheriff Raney and the claim against Deputy Vogt in his official capacity.[2]

B. Individual Capacity Claim

---

[2] To the extent plaintiff intended to assert claims for damages against Sheriff Raney in his individual capacity based on his role as a supervisor, plaintiff's allegations are also conclusory and factually insufficient. See generally Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."); see also Henry A. v. Willden, 678 F.3d 991, 1004 (9th Cir. 2012) (finding allegations regarding supervisor liability insufficient because, inter alia, the Complaint failed to allege that the supervisors "had any personal knowledge of the specific constitutional violations that led to Plaintiffs' injuries"); Moss v. U.S. Secret Serv., 675 F.3d 1213, 1231 (9th Cir. 2012) ("[T]he protestors claim that 'the use of . . . excessive force against them' was 'the result of inadequate and improper training, supervision, instruction and discipline . . . .' However, this allegation is [] conclusory.  The protestors allege no facts whatsoever about the officers' training or supervision, nor do they specify in what way any such training was deficient."); Hydrick v. Hunter, 669 F.3d 937, 941-42 (9th Cir. 2012) (contrasting the "bald" and "conclusory" factual allegations in plaintiffs' complaint with the detailed factual allegations in Starr).

5

Plaintiff first alleges that Deputy Vogt used excessive force when he struck plaintiff with his police vehicle "during Plaintiff's seizure and arrest." (FAC ¶ 16.) Deputy Vogt argues that, in light of County of Sacramento v. Lewis, 523 U.S. 833 (1998), plaintiff's cursory allegations regarding Deputy Vogt striking him with his police vehicle are insufficient to give rise to a plausible Fourth Amendment violation.

In Lewis, the plaintiff's son was the passenger on a motorcycle driven by an individual attempting to flee from police. 523 U.S. at 836. During the course of the high-speed chase, the motorcycle tipped and the patrol car skidded into the plaintiff's son, causing fatal injuries. Id. at 837. The court held that the officer's actions did not give rise to a cognizable Fourth Amendment violation because, even though the police were in pursuit of the motorcycle, a "seizure" requires "a governmental termination of freedom of movement through means intentionally applied." Id. at 844 (quoting Brower v. County of Inyo, 489 U.S. 593, 596–597 (1989)). The Court explained that such a seizure cannot occur when the vehicle hits an individual accidentally, even if during the course of an attempted seizure. Id.

Here, the FAC alleges only that Deputy Vogt struck plaintiff with his vehicle "[d]uring the arrest" and "during Plaintiff's seizure and arrest." (FAC ¶¶ 10, 16.) It lacks any factual allegations illuminating whether Deputy Vogt intentionally struck plaintiff with his vehicle, whether he did so in attempt to seize plaintiff, or whether such efforts were successful. As it now stands, the FAC's silence about what

6

occurred fails to sufficiently allege that Deputy Vogt's conduct with his police vehicle amounted to a seizure under the Fourth Amendment.

With the remaining allegations regarding Deputy Vogt's alleged use of force by hitting, striking, or pushing plaintiff, that use of force gives rise to a plausible Fourth Amendment violation only if it was objectively unreasonable. Graham v. Connor, 490 U.S. 386, 388 (1989). Whether an officer's conduct is objectively unreasonable under the Fourth Amendment is a question of fact requiring consideration of factors such as "(1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect actively resists detention or attempts to escape." Liston v. County of Riverside, 120 F.3d 965, 976 (9th Cir. 1997) (citing Graham, 490 U.S. at 388).

As the Supreme Court explained in Iqbal, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." 556 U.S. at 679. Without any relevant factual allegations, such as whether plaintiff was armed or resisting arrest, the conclusory allegation that Deputy Vogt's use of force was excessive is insufficient to give rise to a plausible Fourth Amendment violation. See Medeiros v. City & County of Honolulu, Civ. No. 11-00221 DAE-RLP, 2011 WL 3566860, at *6-7 (D. Haw. Aug. 12, 2011) (dismissing § 1983 Fourth Amendment claim because the complaint "provides no factual basis for concluding that a seizure was [] unreasonable"); Loewe v. City & County of Honolulu, Civ. No. 10-00368 DAE-KSC, 2010 WL 4642024, at *6 (D. Haw. Nov. 3, 2010) (dismissing a complaint

alleging that the officers shot the decedent "seven times at point blank range" because it failed to "allege any facts describing the conduct of the officers or Decedent immediately before or after the incident").

Accordingly, because the FAC relies solely on conclusory allegations and lacks sufficient factual content to allege plausible Fourth Amendment violations, the court must grant Deputy Vogt's motion to dismiss the first claim against him.

### C. Claim against Unnamed Defendants

Plaintiff purports to assert his second claim against Sheriff Raney, which the court will dismiss for the reasons discussed, and other unnamed officers who denied plaintiff medical treatment at the jail. Plaintiff indicates that he is currently unaware of the identity of the officers responsible for the alleged deprivation and is awaiting discovery to determine their identities and amend the FAC to join them as parties.[3] The Status (Pretrial Scheduling) Order in this case anticipated this possibility and gave plaintiff thirty days to amend the FAC to join additional parties, but plaintiff did not do so within the time provided. (See Docket No. 24.) Unless and until plaintiff files a second amended complaint alleging a cognizable § 1983 claim against the municipality or a named officer, it would be premature for the court to assess the sufficiency of plaintiff's

---

[3] Although the FAC purports to name "Doe" defendants, "the use of 'Doe' pleading is improper, since there is no provision in federal rules permitting use of fictitious defendants." May v. Williams, Civ. No. 2:10-576-GMN-LRL, 2012 WL 1155390, at *2 n.1 (D. Nev. Apr. 4, 2012).

allegations underlying his second claim.

  2. <u>Motion to Stay Discovery</u>

Indicating that they intend to assert qualified immunity, defendants request the court to stay discovery until qualified immunity is resolved. Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation," <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985), and one of its purposes "is to protect public officials from the 'broad-ranging discovery' that can be 'peculiarly disruptive of effective government,'" <u>Anderson v. Creighton</u>, 483 U.S. 635, 646 n.6 (1987) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 817 (1982). The Supreme Court has repeatedly explained that, when possible, discovery should be delayed until qualified immunity is resolved. <u>Harlow</u>, 457 U.S. at 818; <u>Mitchell</u>, 472 U.S. at 526 (recognizing that "even such pretrial matters as discovery are to be avoided if possible" before resolution of qualified immunity); <u>Crawford-El v. Britton</u>, 523 U.S. 574, 597-98 (1998) ("[T]he trial court must exercise its discretion [to limit discovery under Federal Rule of Civil Procedure 26(c)] in a way that protects the substance of the qualified immunity defense . . . so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings.").

Assuming plaintiff files a Second Amended Complaint, defendants are entitled to a stay of discovery until the court resolves any motion to dismiss asserting qualified immunity. Defendants go further, however, and contend that they are also entitled to a stay of discovery until resolution of their anticipated summary judgment motion that would be limited to

raising qualified immunity.

As the Supreme Court has explained, if a defendant does not prevail on a motion to dismiss based on qualified immunity, "discovery may be necessary before [defendant's] motion for summary judgment on qualified immunity grounds can be resolved." Anderson, 486 U.S. at 646 n.6; see also Crawford-El, 523 U.S. at 598-600 (explaining that, if the plaintiff's action survives a motion to dismiss asserting qualified immunity "and is otherwise viable, the plaintiff ordinarily will be entitled to some discovery" subject to the trial court's "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery" under Rule 26(c)); Anderson, 486 U.S. at 646 n.6 (noting that any discovery for purposes of a summary judgment motion raising only qualified immunity "should be tailored specifically to the question of [defendant's] qualified immunity").

Given the concerns inherent in requiring a plaintiff to oppose a motion for summary judgment without discovery and the necessary inquiries before granting any limitation on such discovery, defendants are entitled only to a limited stay of discovery at this time. The court will grant defendants' motion to stay all discovery until resolution of defendants' motion to dismiss any Second Amended Complaint. After that motion is resolved, if it does not dispose of plaintiff's claims, defendants may seek limited protection from discovery only if doing so is consistent with the aims of qualified immunity and plaintiff's need for discovery to defend against any motion for summary judgment. See generally Crawford-El v. Britton, 523 U.S.

10

at 598-600.

    3.   <u>Motion to Disqualify Counsel</u>

On February 20, 2014, plaintiff's father, attorney Rodney R. Saetrum of Saetrum Law Offices, associated as counsel for plaintiff, joining plaintiff's original attorney, David W. Lloyd of Saetrum Law Offices. Relying on Idaho Rule of Professional Conduct 3.7(a), Deputy Vogt opposes Rodney Saetrum's representation of plaintiff and moves to disqualify him.

Idaho Rule of Professional Conduct 3.7(a) provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

As a threshold matter, Deputy Vogt's motion is premature because Rule 3.7 is expressly limited to a lawyer's advocacy "at a trial." See <u>Burch-Lucich v. Lucich</u>, Civ. No. 1:13-00218-BLW, 2013 WL 5876317, at *9 (D. Idaho Oct. 31, 2013) ("[R]aising [Rule 3.7] at this point is premature. This rule does not prevent a lawyer/witness from representing a client during pretrial proceedings."); <u>In re Elias</u>, No. 02-41340, 2005 WL 4705220, at *6 (Bankr. D. Idaho June 10, 2005) ("Counsel's disqualification under [] Idaho Rules of Professional Conduct [3.7] is not absolute. . . . Under the Rule, Counsel would likely not be prohibited from representing the bankruptcy estate during pre-trial matters even if he is called as a witness at trial. Should the issue arise prior to trial, Counsel could assume a dual role

under the circumstances set forth in the Rule.").

Even assuming the court could consider the motion at this time, Deputy Vogt has not made a sufficient showing that Rodney Saetrum would be a necessary witness at trial or that his representation of plaintiff would prejudice defendants. See Idaho R. Prof'l Conduct 3.7(a) cmt. (2004) ("The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation.");[4] see also Legault v. Amalgamated Sugar Co., LLC, No. Civ. No. 03-210-E-LMB, 2005 WL 6733650, at *2 (D. Idaho Feb. 10, 2005) ("Where a motion to disqualify comes from opposing counsel, the motion should be reviewed with caution."). Accordingly, because Deputy Vogt's motion to disqualify is premature and it is unclear at this time whether Rodney Saetrum will be a necessary witness at trial, the court will deny his motion to disqualify without prejudice to it being raised at the time of trial.

IT IS THEREFORE ORDERED that defendants' motion to dismiss the First Amended Complaint in its entirety be (Docket No. 20), and the same hereby is, GRANTED; defendants' motion to stay discovery (Docket No. 29) be, and the same hereby is, GRANTED and all discovery is stayed until the court rules on any motion to dismiss any Second Amended Complaint; and Deputy Vogt's motion to disqualify Rodney Saetrum as counsel for plaintiff

---

[4] Although the commentary refers to prejudice "in the litigation," Rule 3.7 unequivocally limits its scope to an attorney's representation "at a trial." The reference to "litigation" in the comment--which addresses only when the opposing party may object under Rule 3.7--cannot be interpreted as intending to significantly expand the plain language of the rule.

12

(Docket No. 18) be, and the same hereby is, DENIED WITHOUT PREJUDICE.

Plaintiff has twenty days from the date this Order is signed to file a Second Amended Complaint, if he can do so consistent with this Order.

Dated: May 22, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE