**GREG H. BOWER**
ADA COUNTY PROSECUTING ATTORNEY

**RAY J. CHACKO**
**LORNA K. JORGENSEN**
Deputy Prosecuting Attorneys
Ada County Prosecuting Attorney's Office, Civil Division
Attorney for Defendants
200 W. Front Street
Boise, Idaho 83702
Telephone (208) 287-7700  Facsimile (208) 287-7719
Idaho State Bar Nos. 5862 and 6362
civilpafiles@adaweb.net

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADAM TODD SAETRUM, | Case No. **1:13-cv-00425-WBS** |
| Plaintiff, | **ANSWER TO THIRD AMENDED** |
| vs. | **COMPLAINT AND DEMAND FOR** |
| | **JURY TRIAL (DOCKET NO. 78)** |
| ADA COUNTY SHERIFF GARY RANEY, in his individual capacity; DEPUTY ADA COUNTY SHERIFF JAKE VOGT, in his individual capacity; DEPUTY ADA COUNTY SHERIFF TYLER STENGER, in his individual capacity; ADA COUNTY DETECTIVE KEVIN LOUWSMA, in his individual capacity; and DEPUTY ADA COUNTY SHERIFF STEVE ROBINSON, in his individual capacity, | |
| Defendants. | |

COME NOW, Defendants, by and through their attorney of record, the Ada County

Prosecuting Attorney's Office, Civil Division, and admit, deny, and allege as follows:

ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL –
PAGE 1
g:\rjc\saetrum\pleadings\answer to third amended complaint.doc

<u>FIRST DEFENSE</u>

Plaintiff's Third Amended Complaint ("TAC") fails to state a claim against Defendants upon which relief can be granted and should be dismissed, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

<u>SECOND DEFENSE</u>

Defendants deny each and every allegation of Plaintiff's TAC not herein specifically and expressly admitted.

<u>THIRD DEFENSE</u>

<u>Introduction</u>

I.

Answering paragraphs I through III of Plaintiff's TAC, a response does not appear to be required of Defendants.  Nonetheless, Defendants admit that during the late afternoon hours of February 26, 2013, Sergeant Jake Vogt, as part of the Action Team, assisted Ada County Narcotics Detectives with the felony arrest of Plaintiff regarding the delivery of approximately one (1) pound of marijuana in exchange for $2,600 to an undercover detective at a Sears parking lot at the Boise Town Square Mall.  Sergeant Vogt, who was stationed outside of the parking lot in a marked patrol car, was advised via radio surveillance that Plaintiff had arrived on scene in a car with other passengers.  When Sergeant Vogt was notified that the undercover deal was done, he drove into the parking lot and observed Plaintiff exit the undercover detective's vehicle and start walking towards Plaintiff's own car.

Upon seeing the marked patrol car, Plaintiff appeared to be getting ready to run, so Sergeant Vogt drove next to Plaintiff and put his car in park and opened the driver's door to exit the car and quickly take physical control of Plaintiff to prevent him from escaping.  During this process, it

ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 2

appears that the momentum from stopping the car and/or Plaintiff's movement may have caused slight contact between the driver's open door and Plaintiff's right side, but the contact was minimal and did not knock Plaintiff off balance.  Sergeant Vogt told Plaintiff to get on the ground and physically took Plaintiff to the ground without incident to minimize the risk of Plaintiff escaping or utilizing a weapon.

After being searched for weapons, Plaintiff was put in handcuffs and placed in a patrol car without incident.  Plaintiff did not appear to have sustained any injuries in conjunction with his arrest and made no mention of being injured.  Given the unremarkable nature of the arrest, Sergeant Vogt did not file any special report at the time.  The following April, after Plaintiff's attorney first alleged claims regarding Plaintiff's arrest, Sergeant Vogt and Deputy Tyler Stenger, who was also on scene, completed reports confirming the unremarkable nature of the arrest and referencing patrol car videos of the arrest demonstrating the same.

To the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such.  Defendants deny the remaining allegations contained therein.

<u>Jurisdiction and Venue</u>

II.

Answering paragraphs IV and V of Plaintiff's TAC, Defendants admit that this Court has jurisdiction over civil rights claims under 42 U.S.C. § 1983, that venue for any such action would be proper, and that some or all of the Defendants are residents of Ada County, Idaho and the alleged events giving rise to Plaintiff's claims occurred in Ada County.  Defendants deny the remaining allegations contained therein.

ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 3

Parties

III.

Answering paragraphs VI through XI of Plaintiff's TAC, Defendants admit that Sheriff Gary Raney is the duly elected Sheriff of Ada County, and that Sergeant Jake Vogt, Deputy Tyler Stenger, Detective Kevin Louwsma, and Sergeant Steve Robinson are all duly appointed deputies of the Ada County Sheriff.   To the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such.

General Allegations

IV.

Answering paragraph XII of Plaintiff's TAC, Defendants admit the allegations.

V.

Answering paragraph XIII of Plaintiff's TAC, Defendants admit that Detective Louwsma obtained the assistance of the Ada County Action team (consisting of Sergeant Vogt, Deputy Stenger, Deputy Piccola, Deputy Breckon, and Deputy Fratusco) to effectuate the arrest of Plaintiff. Defendants deny the remaining allegations contained therein.

VI.

Answering paragraph XIV of Plaintiff's TAC, Defendants admit that Detective Louwsma briefed the Action team prior to the drug buy regarding their expected role in helping to effectuate the arrest of Plaintiff.  Defendants deny the remaining allegations contained therein.

VII.

Answering paragraph XV of Plaintiff's TAC, Defendants admit the allegations.

ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 4

VIII.

Answering paragraph XVI of Plaintiff's TAC, Defendants admit that at approximately 5:20 p.m. on February 26, 2013, Detective Schneider parked in the Sears parking lot in an unmarked vehicle and that Detective Louwsma parked nearby in an unmarked vehicle.  Defendants deny the remaining allegations contained therein.

IX.

Answering paragraph XVII of Plaintiff's TAC, Defendants admit that Sergeant Vogt, and Deputies Stenger, Breckon and Piccola were in marked vehicles stationed near the Sears parking lot. Defendants deny the remaining allegations contained therein.

X.

Answering paragraph XVIII of Plaintiff's TAC, Defendants admit that approximately five minutes after Detective Schneider relayed his location, surveillance units noticed Plaintiff's sports car arrive in the area and park approximately three car stalls away.  Surveillance units also reported two passengers in Plaintiff's vehicle, who were later identified as Korban Saxton and Dalton Mitchell.  Defendants deny the remaining allegations contained therein.

XI.

Answering paragraph XIX of Plaintiff's TAC, Defendants admit that after Plaintiff parked his vehicle and retrieved a bag containing approximately one pound of marijuana from his trunk, he entered the passenger side of Detective Schneider's vehicle.  After Plaintiff presented the marijuana, Detective Schneider told Plaintiff he would need to get the $2,600 from a friend inside a nearby department store.  Detective Schneider then exited the vehicle and notified Detective Louwsma of the marijuana, who then relayed the information to the patrol units in the area.  Defendants deny the remaining allegations contained therein.

ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 5

XII.

Answering paragraph XX of Plaintiff's TAC, Defendants admit that Sergeant Vogt and Deputy Stenger drove their marked vehicles towards the area of the drug buy.  Defendants deny the remaining allegations contained therein.

XIII.

Answering paragraph XXI of Plaintiff's TAC, Defendants admit that Deputies Breckon and Piccola drove their marked vehicles towards Plaintiff's vehicle.  Defendants deny the remaining allegations contained therein.

XIV.

Answering paragraph XXII of Plaintiff's TAC, Defendants admit that Plaintiff exited Detective Schneider's vehicle and started walking towards his own vehicle.  Defendants are without information sufficient to form belief as to the truth of the remaining allegations and therefore deny same.

XV.

Answering paragraph XXIII of Plaintiff's TAC, Defendants admit that as Sergeant Vogt drove his vehicle toward Detective Schneider's vehicle, he saw Plaintiff exit the passenger side and walk toward his own vehicle.  Plaintiff made eye contact with Sergeant Vogt and appeared to be getting ready to run.  Sergeant Vogt did not know whether Plaintiff was unarmed or whether he would pose a threat of violence.  Defendants deny the remaining allegations contained therein.

XVI.

Answering paragraph XXIV of Plaintiff's TAC, Defendants deny the allegations contained therein.

ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 6

XVII.

Answering paragraph XXV of Plaintiff's TAC, Defendants admit that as Sergeant Vogt drove towards Detective Schneider's vehicle he activated his lights (without siren) and an audio recording device in the vehicle. Defendants also admit that Plaintiff appeared to be getting ready to run. Defendants are without information sufficient to form belief as to the truth of the remaining allegations and deny same.

XVIII.

Answering paragraph XXVI of Plaintiff's TAC, Defendants admit that Sergeant Vogt drove next to Plaintiff and put his car in park and opened the driver's door to exit the car and quickly take physical control of Plaintiff to prevent him from escaping. During this process, it appears that the momentum from stopping the car and/or Plaintiff's movement may have caused slight contact between the driver's door and Plaintiff's right side, but the contact was minimal and did not knock Plaintiff off balance. Defendants deny the remaining allegations contained therein.

XIX.

Answering paragraph XXVII of Plaintiff's TAC, Defendants admit that Deputy Stenger was following Sergeant Vogt's vehicle and that Detective Louwsma remained in his vehicle. Defendants deny the remaining allegations contained therein.

XX.

Answering paragraph XXVIII of Plaintiff's TAC, Defendants deny the allegations contained therein.

XXI.

Answering paragraph XXIX of Plaintiff's TAC, Defendants admit that Sergeant Vogt exited his vehicle and told Plaintiff to get on the ground and physically took Plaintiff to the ground without

ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 7

incident to minimize the risk of Plaintiff escaping or utilizing a weapon.  There was no indication that Plaintiff had sustained any injuries in conjunction with his arrest.  Defendants deny the remaining allegations contained therein.

## XXII.

Answering paragraph XXX of Plaintiff's TAC, Defendants deny the allegations contained therein.

## XXIII.

Answering paragraph XXXI of Plaintiff's TAC, Defendants deny the allegations contained therein.

## XXIV.

Answering paragraph XXXII of Plaintiff's TAC, Defendants admit that Detective Louwsma remained in his vehicle.  Defendants deny the remaining allegations contained therein.

## XXV.

Answering paragraph XXXIII of Plaintiff's TAC, Defendants admit that Deputy Stenger moved towards the area of the arrest and that the lights on Sergeant Vogt's vehicle were still activated. Defendants deny the remaining allegations contained therein.

## XXVI.

Answering paragraph XXXIV of Plaintiff's TAC, Defendants admit that when a fellow officer in plain clothes, Deputy Mike Fratusco, approached the area during the arrest, Sergeant Vogt called out to him by name, "Wait, wait, wait, wait.  Mike, Mike, Mike . . ." to remind him to put on identifying clothing so that others could easily identify him as a law enforcement officer. Defendants deny the remaining allegations contained therein.

XXVII.

Answering paragraph XXXV of Plaintiff's TAC, Defendants admit that after being searched for weapons and handcuffed, Plaintiff was placed in Deputy Stenger's vehicle for transport to the Ada County Public Safety Building Campus.  Defendants deny the remaining allegations contained therein.

XXVIII.

Answering paragraph XXXVI of Plaintiff's TAC, Defendants admit that given the unremarkable nature of Plaintiff's arrest, there was no basis for reporting any improper use of force. Defendants deny the remaining allegations contained therein.

XXIX.

Answering paragraph XXXVII of Plaintiff's TAC, Defendants admit that given that Plaintiff neither mentioned nor appeared to have sustained any injuries in conjunction with his arrest, no special medical evaluation of Plaintiff was performed prior to his booking into the Ada County Jail. Defendants deny the remaining allegations contained therein.

XXX.

Answering paragraph XXXVIII of Plaintiff's TAC, Defendants admit that Plaintiff was transported to the Ada County Public Safety Building Campus to be interviewed and was later booked into the Ada County Jail.  Defendants also admit that Plaintiff's Ada County Jail Arresting Officer's Form speaks for itself.  Defendants deny the remaining allegations contained therein.

XXXI.

Answering paragraph XXXIX of Plaintiff's TAC, Defendants deny the allegations contained therein.

ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 9

XXXII.

Answering paragraph XL of Plaintiff's TAC, Defendants admit that Plaintiff was booked into the Ada County Jail approximately two hours after his arrest.  Defendants are without information sufficient to form belief as to the truth of the remaining allegations and deny same.

XXXIII.

Answering paragraph XLI of Plaintiff's TAC, Defendants are without information sufficient to form belief as to the truth of the allegations and deny same.

XXXIV.

Answering paragraph XLII of Plaintiff's TAC, Defendants deny that Plaintiff received no medical evaluation during his incarceration.  Defendants are without information sufficient to form belief as to the truth of the remaining allegations and deny same.

XXXV.

Answering paragraph XLIII of Plaintiff's TAC, Defendants deny that Plaintiff received no medical evaluation during his incarceration.  Defendants are without information sufficient to form belief as to the truth of the remaining allegations and deny same.

XXXVI.

Answering paragraph XLIV of Plaintiff's TAC, Defendants admit that during an April 9, 2013, criminal hearing, Plaintiff's father, acting as Plaintiff's attorney, first alleged claims regarding Plaintiff's arrest.  In light of these new allegations, Sergeant Vogt and Deputy Stenger were tasked to submit reports regarding the matter, which reports reflected the unremarkable nature of Plaintiff's arrest and referenced patrol car videos of the arrest demonstrating the same.  Sergeant Vogt was the supervisor of the Action team as noted by the "Approved Supervisor" language on the reports.  Defendants deny the remaining allegations contained therein.

ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 10

XXXVII.

Answering paragraph XLV of Plaintiff's TAC, Defendants admit that Sergeant Vogt's and Deputy Stenger's reports reference patrol car video demonstrating that Plaintiff's arrest was unremarkable. Defendants deny the remaining allegations contained therein.

XXXVIII.

Answering paragraph XLVI of Plaintiff's TAC, Defendants deny the allegations contained therein.

<u>Count One – Violation of Substantive Due Process</u>

XXXIX.

Answering paragraph XLVII of Plaintiff's TAC, a response is not required.

XL.

Answering paragraph XLVIII of Plaintiff's TAC, Defendants admit that Sergeant Jake Vogt is a duly appointed deputy of the Ada County Sheriff and that his actions within the course and scope of his employment as such would likely be considered to be under color of state law.

XLI.

Answering paragraph XLIX of Plaintiff's TAC, Defendants admit that the Ada County Sheriff's Office Policy Manual speaks for itself and that to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such.

XLII.

Answering paragraph L of Plaintiff's TAC, Defendants admit that Sergeant Vogt arrested Plaintiff as part of his duties for the Action team.  Defendants deny the remaining allegations contained therein.

ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 11

XLIII.

Answering paragraph LI of Plaintiff's TAC, Defendants admit that the Ada County Sheriff's Office Policy Manual speaks for itself and that to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such.  Defendants deny the remaining allegations contained therein.

XLIV.

Answering paragraph LII of Plaintiff's TAC, to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such.  Defendants deny the remaining allegations contained therein.

XLV.

Answering paragraph LIII of Plaintiff's TAC, to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such.  Defendants deny the remaining allegations contained therein.

XLVI.

Answering paragraph LIV of Plaintiff's TAC, to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such.  Defendants deny the remaining allegations contained therein.

XLVII.

Answering paragraph LV of Plaintiff's TAC, Defendants deny the allegations contained therein.

<u>Count Two – Excessive and Unreasonable Force</u>

XLVIII.

Answering paragraph LVI of Plaintiff's TAC, a response is not required.

ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 12

## XLIX.

Answering paragraph LVII of Plaintiff's TAC, Defendants admit that Sergeant Jake Vogt is a duly appointed deputy of the Ada County Sheriff and that his actions within the course and scope of his employment as such would likely be considered to be under color of state law.

## L.

Answering paragraph LVIII of Plaintiff's TAC, Defendants admit that the Ada County Sheriff's Office Policy Manual speaks for itself and that to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such.

## LI.

Answering paragraph LIX of Plaintiff's TAC, Defendants deny the allegations contained therein.

## LII.

Answering paragraph LX of Plaintiff's TAC, Defendants admit that the Ada County Sheriff's Office Policy Manual speaks for itself and that to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such.  Defendants deny the remaining allegations contained therein.

## LIII.

Answering paragraph LXI of Plaintiff's TAC, Defendants deny the allegations contained therein.

## LIV.

Answering paragraph LXII of Plaintiff's TAC, Defendants deny the allegations contained therein.

ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 13

LV.

Answering paragraph LXIII of Plaintiff's TAC, Defendants deny the allegations contained therein.

LVI.

Answering paragraph LXIV of Plaintiff's TAC, Defendants admit that the Ada County Sheriff's Office Policy Manual speaks for itself and that to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such.  Defendants admit that Sergeant Vogt exited his vehicle and told Plaintiff to get on the ground and physically took Plaintiff to the ground without incident to minimize the risk of Plaintiff escaping or utilizing a weapon.  There was no indication that Plaintiff had sustained any injuries in conjunction with his arrest.  Defendants deny the remaining allegations contained therein.

LVII.

Answering paragraph LXV of Plaintiff's TAC, Defendants admit that the Ada County Sheriff's Office Policy Manual speaks for itself and that to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such.  Defendants deny the remaining allegations contained therein.

LVIII.

Answering paragraph LXVI of Plaintiff's TAC, to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such.  Defendants deny the remaining allegations contained therein.

LIX.

Answering paragraph LXVII of Plaintiff's TAC, to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such.  Defendants deny the remaining allegations contained therein.

<u>Count Three – Failure to Provide Medical Treatment</u>

LX.

Answering paragraph LXVIII of Plaintiff's TAC, a response is not required.

LXI.

Answering paragraph LXIX of Plaintiff's TAC, Defendants admit that Sergeant Jake Vogt, Deputy Tyler Stenger, narcotics Detective Kevin Louwsma, and Sergeant Steve Robinson are all duly appointed deputies of the Ada County Sheriff and that their actions within the course and scope of their employment as such would likely be considered to be under color of state law.

LXII.

Answering paragraph LXX of Plaintiff's TAC, Defendants admit that the Ada County Sheriff's Office Policy Manual speaks for itself and that to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such.  Defendants deny the remaining allegations contained therein.

LXIII.

Answering paragraph LXXI of Plaintiff's TAC, Defendants admit that the Ada County Sheriff's Office Policy Manual speaks for itself and that to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such.  Defendants deny the remaining allegations contained therein.

ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 15

LXIV.

Answering paragraph LXXII of Plaintiff's TAC, Defendants deny the allegations contained therein.

LXV.

Answering paragraph LXXIII of Plaintiff's TAC, Defendants deny the allegations contained therein.

LXVI.

Answering paragraph LXXIV of Plaintiff's TAC, Defendants deny the allegations contained therein.

LXVII.

Answering paragraph LXXV of Plaintiff's TAC, Defendants admit that Plaintiff's Ada County Jail Arresting Officer's Form speaks for itself.  Defendants deny the remaining allegations contained therein.

LXVIII.

Answering paragraph LXXVI of Plaintiff's TAC, Defendants admit that the Ada County Sheriff's Office Policy Manual speaks for itself and that to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such.  Defendants deny the remaining allegations contained therein.

LXIX.

Answering paragraph LXXVII of Plaintiff's TAC, Defendants admit that the Ada County Sheriff's Office Policy Manual speaks for itself and that to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such.  Defendants deny the remaining allegations contained therein.

LXX.

Answering paragraph LXXVIII of Plaintiff's TAC, Defendants admit that the Ada County Sheriff's Office Policy Manual speaks for itself and that to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such.  Defendants deny the remaining allegations contained therein.

LXXI.

Answering paragraph LXXIX of Plaintiff's TAC, to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such.  Defendants deny the remaining allegations contained therein.

Count Four – Section 1983 Supervisor Liability for Excessive Force and

Failure to Provide Medical Treatment

LXXII.

Answering paragraph LXXX of Plaintiff's TAC, a response is not required.

LXXIII.

Answering paragraph LXXXI of Plaintiff's TAC, Defendants admit that Sergeant Steve Robinson is a duly appointed deputy of the Ada County Sheriff and that his actions within the course and scope of his employment as such would likely be considered to be under color of state law. Defendants deny the remaining allegations contained therein.

LXXIV.

Answering paragraph LXXXII of Plaintiff's TAC, Defendants deny the allegations contained therein.

ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 17

LXXV.

Answering paragraph LXXXIII of Plaintiff's TAC, Defendants deny the allegations contained therein.

LXXVI.

Answering paragraph LXXXIV of Plaintiff's TAC, Defendants admit that the Ada County Sheriff's Office Policy Manual speaks for itself and that to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such. Defendants deny the remaining allegations contained therein.

LXXVII.

Answering paragraph LXXXV of Plaintiff's TAC, Defendants admit that the Ada County Sheriff's Office Policy Manual speaks for itself and that to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such. Defendants deny the remaining allegations contained therein.

LXXVIII.

Answering paragraph LXXXVI of Plaintiff's TAC, Defendants deny the allegations contained therein.

LXXIX.

Answering paragraph LXXXVII of Plaintiff's TAC, Defendants admit that the Ada County Sheriff's Office Policy Manual speaks for itself and that to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such. Defendants deny the remaining allegations contained therein.

LXXX.

Answering paragraph LXXXVIII of Plaintiff's TAC, to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such. Defendants deny the remaining allegations contained therein.

LXXXI.

Answering paragraph LXXXIX of Plaintiff's TAC, to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such. Defendants deny the remaining allegations contained therein.

LXXXII.

Answering paragraph XC of Plaintiff's TAC, to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such. Defendants deny the remaining allegations contained therein.

LXXXIII.

Answering paragraph XCI of Plaintiff's TAC, to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such. Defendants deny the remaining allegations contained therein.

<u>Count Five – Section 1983 Supervisor Liability for Excessive Force and</u>

<u>Failure to Provide Medical Treatment</u>

LXXXIV.

Answering paragraph XCII of Plaintiff's TAC, a response is not required.

ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 19
g:\rjc\saetrum\pleadings\answer to third amended complaint.doc

LXXXV.

Answering paragraph XCIII of Plaintiff's TAC, Defendants admit that Sheriff Gary Raney is the duly elected Sheriff of Ada County and that his actions within the course and scope of his employment as such would likely be considered to be under color of state law.

LXXXVI.

Answering paragraph XCIV of Plaintiff's TAC, Defendants deny the allegations contained therein.

LXXXVII.

Answering paragraph XCV of Plaintiff's TAC, Defendants deny the allegations contained therein.

LXXXVIII.

Answering paragraph XCVI of Plaintiff's TAC, to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such.  Defendants deny the remaining allegations contained therein.

LXXXIX.

Answering paragraph XCVII of Plaintiff's TAC, to the extent any of Plaintiff's allegations call for a legal conclusion, Defendants note they are not required to admit or deny such.  Defendants deny the remaining allegations contained therein.

Attorney Fees and Prayer for Relief

XC.

Answering Plaintiff's Attorney Fees and Prayer for Relief, Defendants object to and/or deny the allegations contained therein.

ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 20

## OTHER DEFENSES

### XCI.

With respect to the following defenses, Defendants hereby replead and reallege Paragraphs I through XC of this Answer to Third Amended Complaint and Demand for Jury Trial.

### FOURTH DEFENSE

Defendants allege that, insofar as Plaintiff's TAC seeks to set forth claims based upon state law, Plaintiff has failed to comply with the requirements of posting a bond pursuant to Idaho Code § 6-610, and said claims should be dismissed.

### FIFTH DEFENSE

Defendants allege that, insofar as Plaintiff's TAC sets forth claims based upon state law, said claims are either barred or limited by the Idaho Tort Claims Act, Idaho Code §§ 6-901, *et seq*.

### SIXTH DEFENSE

Defendants allege that their acts or omissions, if any, were undertaken in good faith, without malice, with probable cause, and were justified and responsible under the circumstances.

### SEVENTH DEFENSE

Defendants allege that their acts or omissions, if any, were privileged.

### EIGHTH DEFENSE

Defendants allege that they are absolutely immune from suit for their acts or omissions, if any.

### NINTH DEFENSE

Defendants allege that their acts or omissions, if any, which are not entitled to absolute immunity, are entitled to qualified immunity from suit.

ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 21

## TENTH DEFENSE

Defendants allege that, to the extent Plaintiff's TAC alleges violations of the Idaho Constitution, Idaho statutes, or other Idaho law, such claims cannot form the basis of a cause of action under 42 U.S.C. § 1983.

## ELEVENTH DEFENSE

Defendants allege that at no time did there exist an agreement, mutual understanding, or meeting of the minds to deprive Plaintiff of any civil rights.

## TWELFTH DEFENSE

Defendants allege that Plaintiff has failed to name and/or join indispensable parties.

## THIRTEENTH DEFENSE

Defendants allege that the acts or omissions of said Defendants, if any, do not rise to a level of deprivation of constitutionally protected rights.

## FOURTEENTH DEFENSE

Defendants allege that injuries or damages alleged by Plaintiff, if any, were proximately caused by Plaintiff's comparative negligence and/or fault, which negligence or fault was equal to or greater than the negligence or fault of said Defendants, if any, and bars or reduces Plaintiff's recovery.

## FIFTEENTH DEFENSE

Defendants allege that the damages alleged by Plaintiff were proximately caused, if at all, by acts or omissions of persons or entities other than said Defendants.

## SIXTEENTH DEFENSE

Defendants allege that Plaintiff failed to take reasonable action to mitigate his damages, if any.

ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 22

## SEVENTEENTH DEFENSE

Defendants allege that, to the extent Plaintiff's claims are brought against Defendant's officials and employees, the same are not state actors for the purposes of 42 U.S.C. § 1983.

## EIGHTEENTH DEFENSE

Defendants allege that acts or omissions of said Defendants, if any, were not the proximate cause or the cause in fact of the alleged injuries or damages claimed by Plaintiff, if any.

## NINETEENTH DEFENSE

Defendants allege that the damages complained of by Plaintiff, if any, were directly and proximately caused by superseding and intervening circumstances.

## TWENTIETH DEFENSE

Defendants allege that they are immune from an award of punitive damages.

## TWENTY-FIRST DEFENSE

Defendants allege that they are not liable for any alleged injury by any act or omission of another person under the theory of *respondeat superior* or vicarious liability.

## TWENTY-SECOND DEFENSE

Defendants allege that all acts and/or omissions, if any, of said Defendants, were undertaken without gross negligence or reckless, willful, and wanton conduct.

## TWENTY-THIRD DEFENSE

Defendants allege that all actions of said Defendants were performed and undertaken under just and reasonable circumstances and in all respects, reasonable, proper, legal, and according to applicable rules and law.

## TWENTY-FOURTH DEFENSE

Defendants allege that the damages and injuries allegedly suffered by Plaintiff, if any, were not legally or proximately caused by any acts, omissions, customs or policies (or lack thereof), or actions or inactions of Defendants.

## TWENTY-FIFTH DEFENSE

Defendants allege that they did not participate in, or otherwise contribute to, the creation of a governmental custom or policy, nor were they the moving force behind any action or inaction that resulted in the alleged constitutional violations of which Plaintiff complains.

## TWENTY-SIXTH DEFENSE

Defendants allege that they neither implemented nor executed a policy, statement, regulation, or decision that resulted in any alleged constitutional violations or injuries of which Plaintiff complains.

## TWENTY-SEVENTH DEFENSE

Defendants allege Plaintiff's TAC includes parties that cannot, by law, recover in this matter, and claims that are not viable in this matter.

## TWENTY-EIGHTH DEFENSE

Defendants allege Plaintiff failed to fulfill condition(s) precedent to filing suit.

## TWENTY-NINTH DEFENSE

Defendants allege Plaintiff's claims are barred by estoppel and/or *res judicata*.

## THIRTIETH DEFENSE

Defendants allege Plaintiff's claims are limited by the clean hands doctrine.

ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 24

<u>THIRTY-FIRST DEFENSE</u>

Defendants allege that they have not engaged in sufficient discovery to learn all of the facts and circumstances relating to matters described in the Plaintiff's TAC, and therefore request the Court to permit Defendants to amend their Answer to Plaintiff's TAC and assert further affirmative defenses and other defenses once discovery has been completed.

<u>ATTORNEY FEES</u>

As a direct result of the filing of this action, Defendants have been forced to retain the services of the Ada County Prosecuting Attorney, Civil Division, and have and will continue to incur fees and costs in defense thereof and request that they be granted reasonable attorney fees pursuant to Idaho Code § 6-918A, § 12-117, § 12-121, I.R.C.P. 54, 42 U.S.C. 1988, and/or 28 U.S.C. 1927, and all applicable Idaho or Federal law, or rules of civil procedure.

WHEREFORE, Defendants pray for judgment as follows:

A.    That Plaintiff take nothing by way of his TAC and that the TAC be dismissed;

B.    That judgment be entered in favor of Defendants on all claims;

C.    That the Court award Defendants their attorney fees and costs incurred in defense of this action; and

D.    That the Court grant such other and further relief as it deems just in the premises.

**JURY TRIAL IS DEMANDED.**

**DATED** this 29th day of September, 2014.

GREG H. BOWER

Ada County Prosecuting Attorney

By:    /s/_____
       Ray J. Chacko
       Deputy Prosecuting Attorney

ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 25

g:\rjc\saetrum\pleadings\answer to third amended complaint.doc

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of September, 2014, I filed the foregoing ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

David W. Lloyd                                      _____ Hand Delivery
Saetrum Law Offices                          _____ U.S. Mail
PO Box 7425                                       __x__ Electronic Mail
Boise, ID  83707                                 _____ Facsimile

Rodney R. Saetrum                            _____ Hand Delivery
Saetrum Law Offices                          _____ U.S. Mail
PO Box 7425                                       __x__ Electronic Mail
Boise, ID  83707                                 _____ Facsimile


/s/_____
Molly Reed, Legal Assistant

ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 26