UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

----oo0oo----

| | |
|---|---|
| ADAM TODD SAETRUM,<br><br>        Plaintiff,<br><br>    v.<br><br>ADA COUNTY SHERIFF GARY RANEY, in his individual capacity, DEPUTY ADA COUNTY SHERIFF JAKE VOGT, in his individual capacity, DEPUTY ADA COUNTY SHERIFF TYLER STENGER, in his individual capacity, ADA COUNTY DETECTIVE KEVIN LOUWSMA, in his individual capacity, and DEPUTY ADA COUNTY SHERIFF STEVE ROBINSON, in his individual capacity,<br><br>        Defendants. | CIV. NO. 1:13-425 WBS<br><br>MEMORANDUM AND ORDER RE: MOTION FOR NEW TRIAL |

----oo0oo----

        This excessive force case concerns plaintiff Adam Todd Saetrum's claims against defendant Deputy Ada County Sheriff Jake Vogt based on defendant's alleged striking of plaintiff with his patrol car during an arrest. After a six-day trial, a jury found

1

that defendant did not strike plaintiff with his patrol car, and the court entered judgment for defendant.[1]  Plaintiff now moves for a new trial.  (Docket No. 236.)

I.  Legal Standard

Pursuant to Rule 59, a "court may, on motion, grant a new trial . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a)(1)(A).  "[E]ven if substantial evidence supports the jury's verdict, a trial court may grant a new trial if 'the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice.'"  Silver Sage Partners, Ltd. v. City of Desert Hot Springs, 251 F.3d 814, 819 (9th Cir. 2001) (quoting United States v. 4.0 Acres of Land, 175 F.3d 1133, 1139 (9th Cir. 1999)).

However, in ruling on a motion for new trial a court "must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."  Fed. R. Civ. P. 61.  An error generally does not affect a party's substantial rights where it is clear that a purported error did not affect the outcome of trial.  See, e.g., Conway v. Chem. Leaman Tank Lines, Inc., 525 F.2d 927, 929-30 (5th Cir. 1976).

II.  Discussion

Defendant complains of various rulings the court made

---

[1] Because the jury found that defendant did not strike plaintiff with his patrol car, it did not address whether defendant acted intentionally.  (Docket No. 222.)

2

at and before trial on the admissibility of evidence.  First, for
the reasons the court made clear at the time of its rulings, the
court is satisfied that those rulings were correct.  Second, the
court is equally satisfied that even if the case were to be re-
tried with all of the excluded evidence allowed, it is highly
unlikely that the outcome on retrial would be any different.  For
those reasons, the motion will be denied.

After this court denied defendant's motion for summary
judgment, defendant took an interlocutory appeal to the Ninth
Circuit, and in a memorandum disposition, the Court of Appeals
affirmed in part and reversed in part, effectively splitting
plaintiff's cause of action into two parts, which they termed the
"patrol car claim" and the "take-down claim."  Saetrum v. Vogt,
673 F. App'x 688 (9th Cir. 2016).  The Court of Appeals affirmed
the denial of the motion for summary judgment on the patrol car
claim, thus allowing the case to proceed to trial on the issue of
whether defendant intentionally drove his patrol car into
plaintiff.  But the court reversed the denial of summary judgment
on the take-down claim on the grounds of qualified immunity.[2]

The Ninth Circuit's decision thus placed this court in
the difficult position of assuring that the jury did not award
damages for any injuries sustained as a result of the take-down.
Plaintiff claimed, and defendant disputed, that he suffered a
concussion.  Plaintiff never claimed that it was a result of
being struck by the patrol car, but always claimed it was a

---

[2] The take-down claim refers to plaintiff's allegation that after defendant got out of his patrol car, he threw plaintiff to the ground, causing various injuries.

3

result of the take-down.  The court determined prior to trial that the only way to effectively implement the Ninth Circuit's decision was to exclude evidence of the take-down and the alleged concussion altogether.  The court continues to believe strongly that its ruling was correct and consistent with Rule 403 of the Federal Rules of Evidence.

If plaintiff had been permitted to talk about his alleged concussion and call other witnesses to express their opinions about it, defendant would have been permitted to present its evidence that plaintiff never manifested any signs or symptoms of a concussion.  That would have unnecessarily consumed time and diverted attention from the real issues in the case.  Worse, it would have made the jury wonder how plaintiff got the concussion, and thus opened the door to evidence of the take-down.

Most importantly, allowing evidence of the concussion would have made no difference in the verdict.  The jury specifically found that defendant did not strike plaintiff with his patrol car.  The court cannot conceive of how the question of whether plaintiff later sustained a concussion or not could have affected that finding.  See, e.g., Estate of Barabin v. AstenJohnson, Inc., 740 F.3d 457, 466 (9th Cir. 2014) (erroneous admission or exclusion of evidence is reviewed for harmless error "by asking if . . . the evidence affected the outcome of trial") (citations omitted); Richins v. Deere & Co., 231 F.R.D. 623, 626 (D.N.M. 2004) (exclusion of evidence did not warrant new trial because movants had not shown that exclusion of the evidence was prejudicial or that admitting the evidence would have led to a

4

different result).

Plaintiff also complains that the court excluded evidence of an alleged abdominal injury. He notes that he alleged an abdominal injury as a result of being struck by the patrol car in his Fourth Amended Complaint (see Docket No. 115 at ¶¶ XXVI, LIV-LV, LXII), and that he never formally withdrew this allegation. However, plaintiff did not discuss an abdominal injury in his Ninth Circuit briefs, and more importantly, plaintiff's counsel expressly agreed with the Ninth Circuit panel at oral argument that if qualified immunity applied to plaintiff's head injury, the only remaining issue would be his patrol car claim and the possible knee injury.

Counsel did not simply misspeak at the Ninth Circuit. Plaintiff's counsel represented to this court during multiple status conferences after the appeal that the only injury at issue was plaintiff's knee injury, and plaintiff's Supplemental Pretrial Statement Re: Damages (Docket No. 170) made no mention of an abdominal injury, referring only to his knee injury. Based on these representations, both the court and defendant prepared for a trial where no other injuries were at issue. Under all these circumstances, plaintiff waived his claim of an abdominal injury as a result of being struck by defendant's patrol car. Moreover, because the jury found no liability, any error in excluding evidence of injuries was harmless.

Plaintiff also complains that he was not allowed to cross examine Scott Haug, an expert witness called by defendant. That witness was withdrawn before he gave any relevant testimony, and plaintiff's counsel waived cross examination. If plaintiff's

1  counsel had told the court he wanted to ask Haug any questions,
2  the court might have allowed it.  However, anything he could have
3  asked Haug could not have conceivably had any effect on the
4  jury's determination that defendant did not strike plaintiff with
5  his car.
6           Another trial ruling about which plaintiff complains in
7  this Motion is the court's admission of a recording of
8  plaintiff's conversation with a police officer during a prior
9  drug transaction.  The court made clear its reasons for admitting
10 the recording.  Given plaintiff's testimony that he was just
11 "dropping off" drugs for his friend, the recording was properly
12 admitted for impeachment because it contradicts plaintiff's
13 statement by showing that he was involved with another drug
14 transaction.  In other words, the recording was highly probative
15 of plaintiff's credibility as a witness, and the court did not
16 err in admitting it.  Moreover, any error in admitting the
17 recording was harmless because it would not have affected the
18 jury's verdict given plaintiff's lack of credibility and
19 defendant's highly credible testimony, as discussed above.  See
20 Estate of Barabin, 740 F.3d at 466.
21           Finally, plaintiff complains that the court improperly
22 instructed the jury that plaintiff had to establish that
23 defendant acted intentionally in seizing the plaintiff.  The
24 instruction, which followed the Ninth Circuit's pattern
25 instruction, was a correct statement of the law.  Perhaps that is
26 why plaintiff's attorney himself proposed the instruction before
27 trial (see Docket No. 185 (Pl.'s Requested Instr. No. 25)), and
28 then agreed during trial that it was a correct statement of the

law.

A Fourth Amendment seizure only occurs when "there is a governmental termination of freedom of movement <u>through means intentionally applied</u>," and not when, for example, a "pursuing police car sought to stop the suspect only by the show of authority represented by flashing lights and continuing pursuit, but accidentally stopped the suspect by crashing into him." See <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 844 (1998) (emphasis in original) (citation omitted). Contrary to plaintiff's contention, nothing in <u>County of Los Angeles v. Mendez</u>, 137 S. Ct. 1539 (2017), or any other case, for that matter, obviates the requirement that a plaintiff show that the defendant acted intentionally in a Section 1983 unreasonable seizure case. Additionally, of course, because the jury expressly found defendant did not strike plaintiff with his vehicle at all, any error in instructing whether it had to be intentional would be harmless.

IT IS THEREFORE ORDERED that plaintiff's Motion for New Trial (Docket No. 236) be, and the same hereby is, DENIED.

Dated: October 11, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE